IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD LEE HALL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:14-cv-2076-L-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Richard Lee Hall, a Texas prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, Petitioner's habeas application should be dismissed on limitations grounds.

**Background**

Petitioner states that he was convicted of murder in Cause No. 21477 in the 86th Judicial District Court of Kaufman County, Texas and that he received a life sentence on August 25, 2004. *See* Dkt. No. 3 at 2. The judgment was affirmed on appeal. *See id*. at 3; *Hall v. State*, No. 05-04-01313-CR, 2005 WL 1706304 (Tex. App. – Dallas July 22, 2005). Petitioner did not file a petition for discretionary review. *See* Dkt. No. 3 at 3. Petitioner states that he filed a state habeas corpus application on December 27, 2007 and that it was dismissed in January 2008, *see id*., but public records show it was denied on March 5, 2008. He states that he filed another state habeas corpus

application on December 27, 2013 and that the application was dismissed on February 26, 2014. *See id.* at 3. Petitioner states that his federal habeas petition was placed in the prison mail system on June 2, 2014. *See id.* at 10.

Petitioner contends that he received ineffective assistance of trial and appellate counsel. *See id.* at 6. He asserts that the police fabricated evidence. *See id.* at 7. Petitioner claims that his statement was involuntary and that the state court's decision to deny relief violated his constitutional rights. *See id.*

This Court noted that the petition appears to be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and directed Petitioner to show cause why the petition should not be dismissed as time-barred. *See* Dkt. No. 6. Petitioner has not responded, and the time to respond has expired.

**Legal Standards**

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## Analysis

Petitioner contends in his petition that he is not barred by the statute of limitations because he relies on newly discovered evidence consisting of four of the State's trial exhibits, which were crime scene photos that were withheld from him. *See* Dkt. No. 3 at 9. The crime scene photos were States' exhibits, and they could have been discovered through the exercise of due diligence at the time of trial. Therefore, Section 2244(d)(1)(A), rather than Section 2244(d)(1)(D), applies in determining the beginning of the Section 2244(d) limitations period.

Petitioner was found guilty of murder, and his conviction was affirmed on direct appeal on July 22, 2005. *See Hall v. State*, No. 05-04-01313-CR, 2005 WL 1706304 (Tex. App. – Dallas July 22, 2005). Petitioner did not file a petition for discretionary review.

The judgment became final when the time expired for seeking further direct appellate review by way of a petition for discretionary review, which was thirty days after the court of appeals issued its opinion. *See Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); TEX. R. APP. P. 68.2(a). The last day on which Petitioner could have filed a petition for discretionary review was August 24, 2005, and his judgment thereafter became final. His federal habeas petition was due one year later on August 24, 2006.

Petitioner filed his first state habeas corpus application on December 27, 2007. But the Section 2244(d) limitations period had already expired by then, so that state writ application and the subsequent state writ application did not toll the limitations period.

Petitioner states that he placed his federal habeas petition in the prison mail system on June 2, 2014. *See* Dkt. No. 3 at 10. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (prison mailbox rule applies to federal habeas petitions). But the one-year limitations period expired on August 24, 2006. The federal habeas petition is untimely. Petitioner has not replied to the Court's show cause order, and the record does not show any basis for equitable tolling.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE